Clara Carter
vs. } No. 91990.
Richard P. Boucher, M. D.

Charles E. Carter
vs. } No. 91991.
Richard P. Boucher, M. D.

December 5, 1934.

CARPENTER, J. The above two cases are brought by Clara Carter against the defendant doctor for personal injuries suffered by her because of malpractice, and by her husband for his expenses and loss of services occasioned by said personal injuries to the wife. The pleadings in the two cases are identical and the demurrers raise the same questions.

In substance the declaration charges that the defendant was engaged to perform an abdominal operation upon Clara Carter and, in connection there-with, put a gauze wad or sponge in the incision, closed the wound and left the gauze wad therein, negligently failing to remove the same.

The defendant pleaded the general issue and a special plea of the Statute of Limitations, alleging in the latter that the cause of action did not accrue to the plaintiff within two years next before the commencement of the suit. To the plea of the Statute of Limitations the plaintiff filed ten replications, to the third, fifth, seventh, eight, ninth and tenth of which the defendant has demurred.

The questions raised by the demurrers fall into three categories. The third, fifth and seventh replications may be considered together because they each allege concealment but do not expressly allege fraudulent concealment.

The third replication alleges that the defendant concealed from the plaintiff the existence of the cause of action against him until more than two years next after the performance of the operation, and that the plaintiff commenced the suit within two years, to wit, within one month next after the discovery of the accrual of the cause of action.

The fifth replication alleges that the defendant concealed from the plaintiff the fact that the foreign substance was enclosed in plaintiff's body until more than two years next after the performance of the operation that, by reason of such concealment, the plaintiff was prevented from knowing and did not know that the foreign substance was enclosed in her body until within two years prior to the commencement of the suit, and that she commenced the suit within two years, to wit: one month after discovering the fact that said foreign substance was enclosed in her body.

The seventh replication alleges that because the defendant enclosed the foreign substance in the body of the

plaintiff unknown to her, he thereby concealed the same from her and she did not, although exercising reasonable diligence, discover the presence of the same in her body until within two years before the commencement of the action.

To each of these three replications the defendant has interposed the three same special grounds of demurrer, viz.:

1. That the replications fail to show fraudulent concealment.

2. That the replications fail to show concealment by actual misrepresentation.

3. That the replications fail to show that the defendant had any knowledge of the existence of the cause of action or of the enclosure of the foreign substance in the plaintiff wife's body.

The plaintiff claims that it is unnecessary to expressly allege fraud or misrepresentation in connection with the alleged concealment.

The eighth replication alleges that the plaintiff, although exercising due diligence, did not discover the fact that the foreign substance was concealed in her body until within two years of the commencement of the suit.

The ninth replication alleges that the plaintiff, although exercising due diligence, did not discover the existence of her cause of action against the defendant until within two years before the commencement of this suit.

To the eighth replication the defendant has demurred on the following grounds, viz.:

1. That it fails to set forth a defence to the plea.

2. That it fails to show that defendant concealed from plaintiff the fact that foreign substance was in the body of the plaintiff.

3. That it fails to show that the defendant by actual misrepre-

sentation was guilty of such concealment.

4. That it fails to show that defendant had any actual knowledge of the presence of the foreign substance in plaintiff's body.

5. That it fails to show that the failure of plaintiff to discover the foreign substance was due to any act on the part of the defendant.

The demurrer to the ninth replication raises no grounds which have not already been considered in connection with the eighth replication.

The tenth replication alleges that the foreign substance concealed in the body of the plaintiff did not manifest itself to the damage of the plaintiff until within two years next before the commencement of the suit.

The defendant demurs to this on the grounds that the failure of the foreign substance to manifest itself is not alleged to be due to any act by the defendant; that it does not show that the defendant fraudulently concealed the cause of action, and that it does not show that the plaintiff had no knowledge of the existence of the cause of action.

The replications, although ten in number, raised substantially the following defenses to the statute:

1. That the action was brought within the time limit.

2. That the defendant concealed from the plaintiff her causes of action.

3. That the defendant fraudulently concealed from the plaintiff her causes of action.

4. That the plaintiff did not discover her cause of action until within the period of the statute.

5. That the gauze did not manifest itself to the damage of the plaintiff until within the statutory period.

The defendant has joined issue upon the first and third grounds above, but

has demurred to the replications upon the other three grounds, contending that these three grounds do not in law constitute a defense to the operation of the statute.

The third, fifth and seventh replications allege in substance that the Statute of Limitations is no bar because the defendant concealed from the plaintiff her cause of action. It is contended by the defendant that mere concealment of the cause of action is insufficient to prevent the running of the Statute of Limitations, and this Court is of the same opinion and relies more particularly on the statement of the Supreme Court of this State in the case of *Kenyon* vs. *United Electric Railways Co.*, 51 R. I. 90, where the Court said:

> "Where there is no fraud shown. neither the ignorance of a person of his right to bring an action nor the mere silence of a person liable to the action, prevents the running of the Statute of Limitations."

Other cases were also brought to the attention of the Court by the defendant's counsel. Courts have repeatedly held in malpractice cases that some action on the part of the physician which amounts to fraudulent concealment must take place in order to stop the operation of the statute to bar actions for injuries.

The plaintiff in his argument seemed to concede this general theory, but urges that there should be an exception in this case because of the confidential relationship under which the defendant had a duty to communicate to the plaintiff any wrongful act which he had done. There is no allegation in the declaration or in any of the replications that the defendant. as a fact, knew that the sponge was in the plaintiff's body. If the defendant himself did not know that the gauze was in the plaintiff's body and was negligent only in allowing the

same to remain there, this Court is unable to see how he could have concealed from the plaintiff anything that would happen through negligence. This Court therefore feels that the demurrer to the third, fifth and seventh replications should be sustained because mere concealment is not a bar to the operation of the statute, and there must be some fraud or deceit in order to bar the statute.

The eighth and ninth replications in substance allege that the plaintiff did not discover the existence of her cause of action. The case of *Kenyon* vs. *United Electric Railways* held that mere ignorance of a cause of action on the part of the plaintiff will not prevent the running of the statute unless there is some wrongful act on the part of the defendant.

The tenth replication alleges that the statute is no bar because the injury did not manifest itself to the damage of the plaintiff until within two years of the commencement of the action. The great weight of authority in other jurisdictions seems to hold that the manifestation of damages is immaterial in connection with the operation of the Statute of Limitations.

This Court is of the opinion for the reasons before stated that all the demurrers to the replications of the plaintiff should be and they hereby are sustained.

For plaintiffs: Greenough, Lyman & Cross.

For defendant: Huddy & Moulton.